WILLIAM E. ROBB, PLAINTIFF, v. SHORE BUS TRANS-PORTATION COMPANY, DEFENDANT.

Decided March 26, 1932.

Before ELDREDGE, Circuit Court judge.

For the plaintiff, *Milton C. Nurock.*

For the defendant, *Curry & Purnell.*

ELDREDGE, C. C. J. Summons in the above entitled suit was dated October 9th, 1931, but service of the summons and complaint was not made until October 23d, 1931, and not filed until November 13th of the same year. On October 15th, 1931, the defendant served a summons and state of demand on the plaintiff in a suit begun in the Camden City District Court, involving the same cause of action. The summons was returnable in the Camden City District Court on October 22d, 1931. Trial was had in the District Court on the 23d day of December, 1931, and at its conclusion, the court found in favor of the defendant.

After the return day of the summons in the District Court but before trial therein, the defendant filed its answer in the present suit. In reply to the second separate defense alleged in the answer of the defendant, the plaintiff says that the matter is *res adjudicata.*

Counsel for the defendant now moves to strike out that part of the reply concerning *res adjudicata,* and relies upon the case of *Bergin* v. *Ganley,* 107 *N. J. L.* 242; 154 *Atl. Rep.* 731. In that case, the Chief Justice who rendered the opinion, had the following to say:

"It may be conceded that a judgment recovered in a court of competent jurisdiction is *res adjudicata* as to a suit subsequently begun in another court involving the same facts and the rights and obligations of the respective parties resulting from those facts. But, although this may be considered to be a settled principle of law, an inferior court cannot deprive a higher tribunal of its jurisdiction to hear and determine a suit pending therein by taking cognizance of the same cause of action in a suit begun subsequent to the insti-

tution of that pending in the higher court. * * * In our opinion, the Supreme Court once having obtained jurisdiction of the parties and the subject-matter, cannot be deprived thereof by any such procedure."

Counsel for the plaintiff and the defendant differ as to the interpretation to be placed upon the above pronouncement of the court. The former contends that the only question to be decided is whether the Supreme Court had jurisdiction of the parties and the subject-matter prior to the time when the Camden City District Court acquired jurisdiction, and that the Supreme Court could not acquire jurisdiction of the subject-matter of the suit until the cause was actually at issue. To this the latter replies that it is true that the Supreme Court must have acquired jurisdiction of the subject-matter of the suit, but that such jurisdiction is acquired when the suit is commenced, and that the suit is commenced when the summons is dated and signed by the attorney.

Discussing for a moment the position of counsel for the plaintiff, it may be true that the court does not acquire jurisdiction over the person of the defendant until service is made upon him, but that does not prevent the acquirement of jurisdiction over the plaintiff and over the subject-matter of the cause of action. Jurisdiction over the plaintiff and the subject-matter is acquired when suit is instituted by the plaintiff and summons issued, and that time is the commencement of the action. The only evidence before this court with respect to the issuance of the summons is its date, and for the purposes of this motion, that date is the date of the issuance. "The date is *prima facie* evidence that it was then issued." *Updike et al.* v. *Tenbroeck,* 32 *N. J. L.* 105.

In the case of *Whitaker* v. *Turnbull,* 18 *N. J. L.* 172, the court said:

"I think the rule was correctly laid down at the Circuit: That when a writ is issued out of the office of the clerk or of the attorney acting, as is largely the practice in this state [at least, permissively] as agent or deputy of the clerk, in good faith for the purpose of being served or proceeded on

and that purpose is not afterward abandoned, it is for all material purposes the actual commencement of the suit."

We think that counsel for the plaintiff is placing too literal an interpretation upon that portion of the opinion in the case of Bergin v. Ganley, where the Chief Justice states: "In our opinion, the Supreme Court once having obtained jurisdiction of the parties and the subject-matter, cannot be deprived thereof by any such procedure." This statement must be read in connection with other statements contained in the opinion, particularly that portion which reads that "an inferior court cannot deprive a higher tribunal of its jurisdiction to hear and determine a suit pending therein by taking cognizance of the same cause of action in a suit begun subsequent to the *institution* of that pending in the higher court."

In the opinion of the court, the doctrine of Bergin *v.* Ganley is to be applied when once suit has been instituted, and that time appears to be well settled. In Updike et al. *v.* Tenbroeck, above cited, the same court said: "And in Massachusetts, the general doctrine is held that the day of the date of the writ is the commencement of the action, and particularly so where the statute of limitations is in question. Unless it should appear that the date was untrue * * * the writ in this case was clearly issued on the 25th day of June, 1859, before the three months had expired, in good faith, to be prosecuted, and that purpose was never abandoned, although the service was delayed to hear from the executors or their attorneys—the suit was commenced when the writ was issued—the date is *prima facie* evidence that it was then issued, and there are no facts to contradict it or to show that the attorney of the plaintiff intended otherwise than that it should be the actual suit for the claim."

Applying these principles to the case at bar, the Supreme Court obtained jurisdiction of the subject-matter of the suit on October 9th, 1931, which date is prior to the institution of the suit in the District Court, and of that jurisdiction it could not thereafter be deprived.

The motion to strike the reply concerning *res adjudicata* will be granted.